PATRICK J. IVORY, JR., Appellant, v LEEDS & MORELLI, Respondent. [644 NYS2d 61]

In 1984 the plaintiff brought a proceeding pursuant to CPLR article 78 against his employer, a municipal agency, seeking reinstatement with back pay. The Supreme Court granted the petition in a judgment dated August 24, 1985. However, this judgment was later reversed by the Appellate Division, First Department, in an order dated December 11, 1986 *(see, Matter of Ivory v City of New York, Dept. of Envtl. Protection,* 125 AD2d 217).

On December 19, 1986, the plaintiff entered into a retainer agreement with the defendant law firm. According to this agreement, the plaintiff was to pay $7,500, and the defendant agreed to "prepare an Order to Show Cause application to re-open said [Article 78 proceeding] and/or an Order to Show Cause to the Special Term *[sic]*". The agreement further stated, "[i]f these two (2) applications are unsuccessful [defendant] will perfect an appeal to the Court of Appeals".

The evidence in the present record shows that the defendant complied with its obligations under the foregoing retainer agreement. Specifically, the record shows that the defendant (1) made a motion to the Appellate Division for leave to appeal to the Court of Appeals, (2) made a motion to the Court of Appeals for leave to appeal, (3) made a motion to the Supreme Court for leave to renew and/or reargue the prior application for relief pursuant to CPLR article 78, and (4) made a motion to the Appellate Division for resettlement of its earlier order or for renewal and/or reargument of the earlier appeal. All of these motions were supported by an appropriate presentation of the facts and the law.

Under the circumstances outlined above, we agree with the

Supreme Court that summary judgment dismissing the present complaint was warranted. The defendant did what it had agreed to do in an effort to obtain the relief sought by the petitioner, i.e., the relief which had already been denied to him by the Appellate Division, First Department *(Matter of Ivory v City of New York, Dept. of Envtl. Protection,* 125 AD2d 217, *supra).* The sequence in which these motions were made may well have been dictated by the applicable time limitations. We do not agree with the plaintiff's contention that the application for what was in substance leave to renew was untimely *(see,* Siegel, NY Prac § 254, at 383 [2d ed]). There is no evidence of breach of contract or malpractice. Bracken, J. P., O'Brien, Joy and Goldstein, JJ., concur.